```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT
```

Ann Zuppe,                           :
    Plaintiff,                    :
                                     :
v.                                   :  Civil No. 3:05cv857 (JBA)
                                     :
Elite Recovery Services, Inc.,       :
    Defendant.                    :

**RULING ON MOTION FOR MORE DEFINITE STATEMENT [DOC. # 13]**

Defendant Elite Recovery Services, Inc., a collections agency, moves pursuant to Fed. R. Civ. P. 12(e) for a more definite statement as to the allegations in plaintiffs' Amended Complaint [Doc. # 12], dated September 19, 2005. Plaintiffs have opposed the motion. See Mem. in Opp. [Doc. # 19]. The motion will be denied for the following reasons.

**I.   Factual Background**

Plaintiff's Amended Complaint is stated in four counts and alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. (Count One); the Connecticut Consumer Collection Agency statute, Conn. Gen. Stat. § 36a-800 et seq. and regulations promulgated thereunder (Count Three); the Connecticut Creditors' Collection Practices statute, Conn. Gen. Stat. §§ 36a-645 - 647 and regulations promulgated thereunder (Count Four); and a common law claim for intentional infliction of emotional distress (Count Two). Plaintiff alleges that she is a 66-year-old resident of West Haven, Connecticut, who was

1

contacted on numerous occasions between June 1, 2004 and May 16, 2005, concerning an alleged outstanding debt, which plaintiff states she already had paid.  Am. Compl. ¶¶ 6, 9, 11.  Plaintiff alleges that defendant represented that her failure to pay the debt within three weeks would result in the loss of her home or litigation to collect the debt.  Id. ¶ 8.  She further alleges that defendant called her "multiple times," including "hangups, multiple calls during a single day, failure to identify itself, and identification to an unknown party that the caller was seeking to collect a debt from the plaintiff."  Id. ¶ 9.  Finally, she alleges that, despite acknowledging receipt of a "written cease communication request" on August 9, 2004, defendant thereafter contacted plaintiff about the alleged debt.

**II.   Standard**

Rule 12(e) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."  Such a motion should not be granted if the complaint complies with the "short and plain statement" requirement of Federal Rule of Civil Procedure 8 because the "aim of Rule 12(e) is to remedy unintelligible pleadings, not to correct for lack of detail."  See Pullen v. NorthStar Presidio Mgmt. Co., LLC, No. 98cv771 (WWE), 1998 WL

696010, at *1 (D. Conn. Sept. 11, 1998). Rule 12(e) motions are "generally disfavored because of their dilatory effect. 'The preferred course is to encourage the use of discovery procedures to apprise the parties of the factual basis of the claims made in the pleadings.'" In re: MTBE Prod. Liability Litig., __ F.R.D. __, 2005 WL 1123888 at *1 (S.D.N.Y. May 11, 2005) (quoting Tagare v. NYNEX Network Sys. Co., 921 F. Supp. 1146, 1153 (S.D.N.Y. 1996)).

**III. Discussion**

Defendant argues that it is unable to respond to plaintiff's complaint because three counts of the complaint contain allegations that defendant's statutory violations "include, but are not limited to" certain conduct. See Am. Compl. ¶¶ 14, 21, 24. Defendant argues that the phrase "but are not limited to" should be removed so plaintiff cannot later claim further violations "without notice to Defendant." Mot. for More Def. Stmt. at 3.

The allegations in plaintiff's complaint are clear and detailed, each specifying exactly which statutory or regulatory section plaintiff alleges to have been violated by certain conduct. In particular, Counts One, Three and Four allege that defendant's statutory violations include causing the telephone to ring and engaging plaintiff in conversations "repeatedly or continuously with intent to annoy, abuse and harass...", making

phone calls without disclosing the identity of the caller, misleading plaintiff by stating that they were going to seize the home in which she lived, misleading her by stating that she had made a payment on the debt in 2002 and that it was going to sue her, informing a third party that they were seeking to collect a debt from plaintiff, initiating further communication with plaintiff after receipt of a written cease communication request, and failing to provide plaintiff with a validation notice.  Am. Compl. ¶¶ 14(a)-(g), 21(a)-(g), 24(a)-(g).

These allegations cannot be said to be "so vague or ambiguous that [defendant] cannot reasonably be required to frame a responsive pleading," as stated in Rule 12(e).  Rather, they contain sufficient detail in terms of the actions, dates, and circumstances alleged, as well as the legal basis for plaintiff's claims, for defendant to be fairly apprised of the claims against it.  More is not required under the rules of notice pleading. Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief."); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

Defendant's argument that the language of the complaint stating that the violations are "not limited to" those that are listed in the enumerated counts is best addressed through discovery, where defendant may ascertain from plaintiff the full extent of her legal and factual contentions, and plaintiff will

have an ongoing duty to respond as discovery progresses.  <u>See</u> Fed. R. Civ. P. 26(e) (duty to supplement disclosures).

**IV.  Conclusion**

Accordingly, defendant's motion for a more definite statement [Doc. # 13] is DENIED.  Defendant's response to plaintiff's amended complaint is due 21 days from the date of this ruling.

IT IS SO ORDERED.

/s/
JANET BOND ARTERTON, U.S.D.J.

**Dated at New Haven, Connecticut, this 5th day of January, 2006.**